The opinion of the Court was delivered by
Poché, J.
The defendant, corporation has taken this appeal from a judgment allowing damages against it in favor of plaintiff for having maliciously caused his arrest under a criminal prosecution, instituted by one of the Company’s agents, and from which arrest plaintiff was discharged by the Becorder or Judge before whom the charge had been made.
The litigation grows out of the following facts, as disclosed by the Beeord :
In order to protect the defendant by the enforcement of Act No. 9 of 1874, making it a penal offense for any one to sell, barter or exchange, in New Orleans, any unlicensed lottery tickets, the Mayor of New Orleans, in November, 1877, commissioned one G-. I. Schrieber, as a special officer for and at the pay of the Lottery Company.
This officer, having received information some time in May, 1878, that the plaintiff, Plassan, was selling Havana lottery tickets, and desiring to ascertain the fact, sent one Frisbee to plaintiff’s office, with instructions to buy from him a Havana lottery ticket, and that said Frisbee, on return, stated that he had bought such a ticket from plaintiff, and delivered the same to the. officer, who, thereupon, and on such information, made the affidavit under which plaintiff was arrested and brought before the Becorder, who released Mm on an appearance bond.
Three days afterwards, he was examined by the Becorder, before whom Frisbee appeared as a witness and identified the plaintiff as the person who had sold him the lottery tickets, hereinabove referred to, After hearing witnesses on behalf of the accused, the Becorder, entertaining a doubt as to the guilt of the accused, gave him the benefit of that doubt and discharged him from the prosecution, which then and thus terminated, whereupon plaintiff brought this suit for ten thousand dollars, as damages for a malicious prosecution. For answer, the defendant filed a general denial.
The dominant questions presented under the pleadings and the evidence are:
1. Did the defendant, corporation prosecute or instigate the prosecution ?
2. Was such prosecution malicious and without probable cause ?
*248 3. Has it caused any damages to plaintiff f
1-Iis counsel admit that his right of recovery depends upon positive and affirmative proof of each of these propositions, and they contend that such proof is to bo found in the record.
Wo are not clear that the evidence shows conclusively that the defendant corporation did instigate this prosecution, of which its officers Were ignorant until after the discharge of plaintiff, and that the act of Schrieber was, beyond a doubt, within the scope of his employment by the Lottery Company.
But, under the conclusion which is forced upon us by the evidence on another point, on which we shall rest our decision, we find it unnecessary to settle this doubtful issue.
For admitting, for the salce of argument, that the act of Schrieber in the premises was that of his principal, the defendant, and, therefore, that the Company did instigate the prosecution, we are satisfied from the evidence, tested under-the light of our jurisprudence, and of the authorities quoted by plaintiff himself, that the charge was not made maliciously or without probable cause.
Admitting with plaintiff, as laid down by Greenleaf, vol. ii. par. 455, “that the discharge of the plaintiff by the committing magistrate is jpri»i«/rtcie evidence of the want of probable cause, sufficient to throw upon the defendant the burden of proving the contrary,” we find in the record abundant evidence to exclude malice from the defendant, and to show probable cause for the charge brought against the plaintiff under the provisions of Act No. 9 of 1874, for the enforcement of which Schrieber had been specially appointed by the city authorities.
Having received information inculpating plaintiff, he did not act hastily and prefer the charge on this rumor or reputation, but he instituted special and direct inquiry, and on the positive information thus received through Frisbec, who produced the ticket which he claimed to have purchased from plaintiff, he then made the affidavit which culminated in the arrest of plaintiff. His precaution in thus acting, coupled .with the fact that plaintiff was an utter stranger to him, excludes any and all elements of malice in his mind, and the information which ho received was such as “ to cause and lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion ” that plaintiff was actually engaged in selling unlicensed lottery tickets, in direct contravention of the law which it was his duty to enfoi ee. Greenleaf, vol. ii. par. 454.
We see from the testimony of the committing magistrate that such was the impression made on his mind hy the evidence in the preliminary examination, and that the discharge of the accused was due to a mere doubt as to 1ns guilt in the mind of the Judge.
*249 Plaintiff contends that Frisbee, being unworthy of belief, his statement should not have been taken by Schrieber, and cannot be held as the. basis of a probable canse for the charge brought by him against plaintiff.
Tiie evidence in the record fails to satisfy us that Frisbee was proven to be a notoriously bad character, or unworthy of belief, and a fortiori to show that such alleged unwortliiness was known to Schrieber at the time that he received from Frisbee the information which prompted him to institute the prosecution.
Believing, as we do, that the evidence in the case is amply sufficient to rebut the presumption of want of probable cause resulting from the discharge of plaintiff by the committing magistrate, we conclude that plaintiff has failed to make out a case of malicious prosecution against the defendant, and that the judgment appealed from is therefore erroneous. Godfrey vs. Soniat, 33 A. 915.
It is therefore ordered, that the judgment of the lower court be annulled, avoided and reversed, audit is ordered, adjudged and decreed, that plaintiff’s demand be rejected and his action dismissed at his costs in both Courts.
Rehearing refused.